

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# Chirikadzi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2739

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Chirikadzi v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1584.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1584

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2739
_____

BEN TATU CHIRIKADZI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED
STATES OF AMERICA; BUREAU OF IMMIGRATION
& CUSTOMS ENFORCEMENT,

Respondents

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Immigration Judge Grace A. Sease
(Agency No. A97 698 087)

_____

Submitted Under Third Circuit LAR 34.1(a)
FEBRUARY 8, 2006

Before:  SLOVITER, SMITH AND VANANTWERPEN, <u>Circuit Judges</u>.

(Filed February 14, 2006)

_____

OPINION

_____

PER CURIAM

## I.

Ben Tatu Chirikadzi, a native and citizen of Zimbabwe, entered the United States in 1997 as a non-immigrant student. In 2004, after being arrested on unrelated charges, the Bureau of Immigration Control and Enforcement ("BICE") charged Chirikadzi with being removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for staying beyond the period authorized. Chirikadzi conceded his removability. On August 25, 2004, the Immigration Judge ("IJ") granted Chirikadzi voluntary departure and ordered that he remain detained until his departure. See Exhibits to Govt. Response to Habeas Petition, Exh. E. Chirikadzi filed an appeal to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, finding that Chirikadzi had waived his right to appeal during the proceedings before the IJ. See id., Exh. F.

In March 2005, Chirikadzi filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania. Chirikadzi sought a stay of removal and release from detention. The District Court granted a stay of removal, and subsequently transferred the matter to this Court as a petition for review pursuant to the Real ID Act of 2005[1]. In his brief to this Court, Chirikadzi raises additional claims challenging the finding of removability and seeking

_____

[1]   Pub L. No. 109-13, 119 Stat. 231.

2

political asylum and adjustment of status.

## II.

To the extent Chirikadzi remains in BICE custody and continues to seek release from detention, such a claim should be presented to the district court in the district in which he is detained.[2] See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005) (recognizing that the Real ID Act made petitions for review the exclusive means for judicial review of orders of removal, but did not eliminate district court habeas jurisdiction over challenges to detention); 28 U.S.C. § 2241.

As to Chirikadzi's remaining claims, a court may review a final order of removal only if the petitioner has exhausted all of the administrative remedies available to him as of right. 8 U.S.C. § 1252(d)(1); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005). Chirikadzi did not exhaust his administrative remedies. Through counsel, Chirikadzi waived his right to appeal the IJ's order to the BIA, and Chirikadzi concedes he did not present a claim of asylum to the IJ.[3] See Petitioner's document dated 6/16/2005. Furthermore, assuming Chirikadzi applied for adjustment of status, the denial of such relief is not subject to judicial review. See 8 U.S.C. § 1252(a)(2)(B)(I).

---

[2] Chirikazi does not argue his detention claim in his brief to this Court and it appears he is no longer in custody within the Middle District of Pennsylvania.

[3] To the extent Chirikadzi alleges that counsel was ineffective for failing to apply for asylum, Chirikadzi did not adequately present an ineffective assistance of counsel claim to the BIA. See Gov't Response Exh. F; Matter of Lozada, 19 I. & N. Dec. 637, 638 (BIA 1988).

### III.

Accordingly, for the reasons state above we will deny the petition for review.